United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MATHEW,<br>    Plaintiff,<br>v.<br>KEVIN O'MALLEY,<br>    Defendant. | Case No. 21-cv-02216-JST<br><br>**ORDER GRANTING MOTION TO REMAND**<br>Re: ECF No. 6 |

Before the Court is Plaintiff Thomas Mathew's motion to remand. ECF No. 6. The Court will grant the motion.

## I. BACKGROUND

Plaintiff initially brought this action for unlawful detainer on September 18, 2020, in Santa Clara County Superior Court. ECF No. 2 at 3; ECF No. 6-2 at 8.[1] Plaintiff alleges that Defendant Kevin O'Malley is unlawfully in possession of Plaintiff's residential property, located at 4540 Cadwallader Avenue, San Jose, CA 95121 ("the Property"). ECF No. 6-2 at 11. Plaintiff filed its complaint as a "limited civil case" seeking less than $25,000 in damages. *Id.*

Plaintiff alleges that he entered into an oral agreement with Defendant in November 2016 to allow Defendant to occupy a motorhome owned by Plaintiff located at the Property at no cost. *Id.* at 21. Defendant has not made any rental or utility payments for his occupancy and use of the Property. *Id.* However, Plaintiff alleges that Defendant has "caused many issues" that have required Plaintiff to "notify and warn [Defendant] on multiple occasions to protect [Plaintiff's]

---

[1] Because Defendant's notice of removal is incomplete, and because the documents are incorporated by reference in Plaintiff's complaint, the Court takes judicial notice sua sponte of the exhibits included in Defendant's motion to dismiss, including Plaintiff's underlying unlawful detainer complaint, Defendant's answer, and Plaintiff's notices to quit. ECF No. 6-2.

1 family and property." *Id.*

On June 22, 2020, Plaintiff served Defendant with a Sixty-Day Notice to Quit. *See* ECF No. 6-2 at 2. On July 20, 2020, Plaintiff served Defendant with a Three-Day Notice to Perform or Quit. *See id.* at 5. Subsequently, Plaintiff filed this action in Superior Court on September 18, 2020. *See id.* at 8. On September 30, 2020, Defendant filed his answer to the complaint in state court. *See id.* at 28. On March 30, 2021, Defendant, proceeding pro se, removed this action to federal court claiming federal subject matter jurisdiction. *See* ECF No. 1. Plaintiff moves to remand, arguing that there is neither federal question nor diversity jurisdiction. ECF No. 6. Plaintiff filed a proof of service of the motion on April 5, 2021. ECF No. 8. Defendant did not file a response.

## II.  DISCUSSION

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). If the district court determines that it lacks jurisdiction, the action must be remanded back to state court. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005). It is the removing defendant's burden to establish the basis for federal court jurisdiction. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).

Because Plaintiff is appearing pro se, the Court construes the allegations of the notice of removal liberally. *Franklin v. Sargent*, No. EDCV1602370CJCDTBX, 2016 WL 6820763, at *1 (C.D. Cal. Nov. 18, 2016); *see also Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (instructing that courts "have a duty to construe pro se pleadings liberally") (alteration and citations omitted).

### 1.  Diversity Jurisdiction

There is no basis for diversity jurisdiction. The Civil Cover Sheet to the Notice of Removal shows that all parties reside in San Jose, California. ECF No. 1-1. The complaint alleges less than $25,000 in damages, below the $75,000 requirement for diversity jurisdiction. 28 U.S.C. § 1332(a).

### 2. Federal Question Jurisdiction

Defendant's notice of removal appears to claim federal question jurisdiction because "the unlawful detainer procedure and proceedings conducted by the landlord are completely in violation of the United States Constitution," "the proceedings [are] occurring in violation of [] 15 U.S.C. [§] 1692(A), and the Fourteenth Amendment of the U.S. Constitution." ECF No. 2 at 2. Notwithstanding, Plaintiff argues that there are no federal questions presented in this "run-of-the-mill unlawful detainer complaint" and that "there are no substantial issues of federal law." ECF No. 6 at 4. The Court agrees.

"Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal question jurisdiction." *Petaluma Theatre Square, LLC v. Hirsch*, No. 19-cv-00026-LB, 2019 WL 1171162, at *1 (N.D. Cal. Feb. 25, 2019) (collecting cases), *report and recommendation adopted*, No. 19-cv-00026-JST, 2019 WL 1168538 (N.D. Cal. Mar. 13, 2019); *see also Saratoga Fund Holdings, LLC v. Walker*, No. 14-cv-04629-JST, 2014 WL 6969260, at *2 (N.D. Cal. Dec. 8, 2014) (finding no basis for jurisdiction in "unlawful detainer claim pursuant to California Code of Civil Procedure § 1166"). Furthermore, a case may not be removed to federal court on the basis of a federal defense. *See Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983); *see also Partners v. Gonzalez*, No. C-10-02598 EDL, 2010 WL 3447678, at *3 (N.D. Cal. Aug. 30, 2010) ("To the extent that Defendant may have raised federal law issues in the answer or believes that the state court [unlawful detainer] action was filed in violation of Defendant's due process rights, those issues do not provide a basis for removal.").

Accordingly, there is no cognizable basis for subject-matter jurisdiction in this dispute.

### CONCLUSION

The Court concludes that it lacks subject-matter jurisdiction over this action. Accordingly, the Court hereby REMANDS the case to Santa Clara County Superior Court. The Clerk shall

/ / /

/ / /

/ / /

/ / /

3

close the file.

**IT IS SO ORDERED.**

Dated: July 15, 2021



_____
JON S. TIGAR
United States District Judge